IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:12-cr-162-12 |
| | ) | |
| BRANDON BOONE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 1221) filed by counsel on behalf of Brandon Boone, with brief in support. The government has filed a brief in opposition; Boone has filed a reply brief; and the motion is ripe for disposition.

Introduction

Defendant contends that he is entitled to collaterally challenge his sentence, which was driven by his designation as a Career Offender under the "residual clause" of U.S.S.G. § 4B1.2. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the identical "residual clause" language in the Armed Career Criminal Act ("ACCA" or the "Statute"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. This term, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* had announced a substantive rule that applied retroactively on collateral review to cases under ACCA. Boone reasons that he should have the same right to collaterally challenge his sentence, even though his designation as a Career Offender arose under the Sentencing Guidelines, rather than ACCA.

The government opposes the motion. The government recognizes that *Johnson* applies retroactively and can be challenged collaterally in all cases under ACCA. The government concedes that the holding in *Johnson* applies to the Career Offender Guidelines, such that the

"residual clause" in § 4B1.2(a)(2) is also unconstitutionally vague. The government further concedes that *Johnson* should be applied retroactively to Career Offender Guidelines cases on direct appeal. Nevertheless, the government argues that *Johnson* "does not apply retroactively to Guidelines cases that were final before the decision was announced." Government Brief at 4.[1] The government's position is based on a rigorous application of the retroactivity doctrine set forth in *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny. The government characterizes the rule in *Johnson* as a "new, non-watershed rule of procedure," which would not entitle defendants such as Boone to collateral relief. In other words, the government agrees that Boone is wrongly classified as a Career Offender, but argues that this error cannot now be corrected.

Factual and Procedural Background

On September 2, 2014, Boone pleaded guilty to a lesser-included offense of conspiracy to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 846. The parties stipulated in the plea agreement that the amount of cocaine attributable to Boone was at least 100 grams but less than 200 grams. The statutory maximum sentence for the offense of conviction is twenty years (240 months) of imprisonment.

At the time of sentencing, Boone was 32 years old. In the Presentence Investigation Report ("PSI"), Boone was classified as a Career Offender based on a Robbery conviction in 1999 (when Boone was 16 years old) and a conviction for Fleeing and Eluding a Police Officer

---

[1] The government previously conceded that the Career Offender rules announced in *Begay v. United States*, 553 U.S. 137 (2008) (DUI not violent felony); *Chambers v. United States*, 555 U.S. 122 (2009) (possession of firearm not violent felony); and *Descamps v. United States*, 133 S. Ct. 2276 (2013) (California burglary not violent felony), "were substantive, and hence retroactive, on collateral review in ACCA and guidelines cases alike." Government Brief at 14 n.4. The government has now retracted this concession.

in 2004.[2] His advisory Guideline range was 151-188 months of imprisonment. Without the Career Offender classification, Boone's advisory Guideline range would have been 30-37 months.

Boone filed a Sentencing Memorandum in which he argued that his Fleeing and Eluding conviction should not count as a predicate "crime of violence" offense, but acknowledged the contrary holding of the United States Court of Appeals for the Third Circuit in *United States v. Jones*, 740 F.3d 127, 137 (3d Cir. 2014). Boone argued, in the alternative, that he should receive a downward variance because his Career Offender status overstated the seriousness of his criminal history, as his prior convictions were over ten years old and had not resulted in substantial prison time.

At the sentencing hearing, this Court held that Boone was correctly classified as a Career Offender, in light of the precedential decision in *Jones*.[3] Nevertheless, the Court exercised its discretion to vary downward from the advisory Guidelines range for three reasons: (1) the disparity of sentences among members of the conspiracy; (2) Boone's arguments regarding the Fleeing and Eluding predicate offense; and (3) the Court's belief that 151 months was exorbitant under the circumstances of the case. *See* Transcript of Sentencing, ECF No. 1132. Boone was ultimately sentenced to a term of imprisonment of 120 months. He has been in custody since February 2014.

---

[2] The PSI reported other criminal convictions in 1999 for robberies and assaults by Boone at gunpoint and resisting arrest, which did not qualify as separate predicate offenses because they were committed without intervening arrests. PSI ¶¶ 36, 37, 38, 41.

[3] *Jones* is no longer good law. Although *Jones* has not been directly vacated, its reasoning was based on the "residual clause" and it relied heavily on *Sykes v. United States*, 131 S. Ct. 2267 (2011), which was explicitly overruled by *Johnson*, 135 S. Ct. at 2563. *See Sagasta v. Swarthout,* 2012 WL 3233295, at *1 (E.D. Cal. Aug. 6, 2012) (citation omitted) ("When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.").

Boone filed a direct appeal, which was summarily dismissed based on the appellate waiver provision in his plea agreement. Boone subsequently filed a motion to reduce his sentence pursuant to Amendment 782, which was denied because Boone's sentence was based on his status as a Career Offender, rather than his drug conviction.[4]

On May 3, 2016, Boone filed the pending § 2255 motion.[5] In addition to the collateral challenge to his sentence, he contends that his appellate counsel was ineffective for having failed to seek a stay of his direct appeal pending the Supreme Court's decision in *Johnson*.[6]

Legal Analysis

Boone has filed the pending motion pursuant to 28 U.S.C. § 2255(a), which provides a federal prisoner with a statutory mechanism to collaterally attack his sentence. Boone seeks to vacate, set aside or correct his sentence, which was based on his classification as a "Career Offender" under the Sentencing Guidelines. The Guidelines provide for increased penalties if the defendant has previously committed certain predicate offenses.[7] The definition of the term

---

[4] Boone was sentenced after November 1, 2014 and has already received the benefit of Amendment 782. Thus, the Court need not decide whether a defendant who did not qualify for a reduction under Amendment 782 due to his designation as a Career Offender could seek resentencing under 18 U.S.C. § 3582(c)(2). *See United States v. Mifflin*, 2016 WL 1752760, at *2 (E.D. Va. Apr. 29, 2016) ("§ 3582(c)(2) is an inappropriate mechanism for Mifflin to raise his claims, which are more appropriately addressed through the vehicle of a 28 U.S.C. § 2255 motion.") .

[5] This is Boone's first § 2255 motion, and thus, the AEDPA restrictions on multiple § 2255 motions do not apply.

[6] Had appellate counsel obtained such a stay, Boone's direct appeal would still be pending and the government has conceded that *Johnson* should be applied retroactively on direct appeal. Thus, Boone would be entitled to resentencing as a non-Career Offender.

[7] Under U.S.S.G. 4B1.1 "(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled

4

"crime of violence" in the Guidelines is nearly identical to the definition of the term "violent felony" in ACCA.[8] Both definitions contain a "residual clause" that enables a defendant to be classified as a Career Offender based on a predicate offense that is not enumerated but "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2). The "residual clause" has proven difficult to apply fairly and has been described as a "judicial morass that defies systemic solution" and "a black hole of confusion and uncertainty" that frustrates any effort to impart "some sense of order and direction." *Johnson*, 135 S. Ct. at 2562 (citation omitted).

After the failure of persistent efforts to develop a workable standard, in *Johnson* the United States Supreme Court held that the "residual clause" language in ACCA was unconstitutionally vague. 135 S. Ct. at 2563. In doing so, the Court overruled its prior decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011). The government has conceded that *Johnson* applies to the identical "residual clause" language in Guideline § 4B1.2 such that it, too, is unconstitutionally vague. Boone's prior conviction for Fleeing and Eluding no longer qualifies as a predicate offense because it is based solely on the "residual clause." Thus, if Boone were to be sentenced today, he would not be classified as a Career Offender.

---

substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

[8] Under U.S.S.G. 4B1.2 "(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another."*** (Emphasis added).

In *Welch*, the Supreme Court held that the new rule announced in *Johnson* was "substantive" and thus applied retroactively on collateral review to cases arising under ACCA. 136 S. Ct. at 1257. The government has conceded that the holding in *Johnson* extends to the Guidelines, such that the "residual clause" in U.S.S.G. § 4B1.2 is unconstitutionally vague. Further, the government agrees that a wrongful classification as a Career Offender under the Guidelines can be corrected if a defendant's direct appeal is still pending. Government Brief at 4.

Boone seeks to extend the logic in *Johnson* and *Welch* one more step, to collaterally challenge his designation as a Career Offender under the advisory Sentencing Guidelines even though his direct appeal is final. The United States Court of Appeals for the Third Circuit has not directly resolved this issue in a precedential decision, although it has addressed closely related questions. In *United States v. Townsend*, 2015 WL 9311394 (3d Cir. December 23, 2015) (non-precedential), the Court remanded for resentencing to enable the defendant to retroactively challenge his designation as Career Offender under the Guidelines. The *Townsend* Court concluded: "Under the Supreme Court's ruling in *Johnson*, as applied to the Guidelines, Townsend's prior conviction for attempting to elude a police officer is not a crime of violence." *Id.* at *4. *Townsend* is not dispositive because it involved a direct appeal and the government conceded that resentencing was appropriate. In *United States v. Doe*, 810 F.3d 132 (3d Cir. 2015), the Court held that a *Johnson* challenge to designation as Career Offender under the pre-*Booker* mandatory Guidelines was cognizable in a second or successive § 2255 motion. Nevertheless, the *Doe* Court expressly declined to decide the cognizability of such collateral challenges under the post-*Booker* advisory Guidelines regime. *Id.* at 160.

Other courts have taken several different approaches to collateral attacks on Guidelines sentences. *Compare Sun Bear v. United States,* 644 F.3d 700 (8th Cir. 2011) (en banc) (no right to collateral attack because ultimate sentence was within statutory maximum); and *United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015) (Guidelines cannot be unconstitutionally vague because judge retains discretionary authority over actual sentence); *with United States v. Madrid*, 805 F.3d 1204, 1210–1212 (10th Cir. 2015) (reversing Career Offender designation on direct appeal because Guidelines are unconstitutionally vague); *In re Encinias*, 2016 WL 1719323, at *2 (10th Cir. Apr. 29, 2016) (per curiam) (authorizing challenge to Career Offender Guidelines based on *Johnson* under § 2255(h)(2)); and *United States v. Harbin*, 610 F. App'x 562, 563 (6th Cir. 2015) (non-precedential) (Career Offenders under Guidelines "entitled to the same relief as offenders sentenced under the residual clause of the ACCA.").

The Court turns now to a retroactivity analysis under the circumstances of Boone's case. Because the government concedes that the rule in *Johnson* is "new," the key question is whether the *Johnson* rule is "procedural" or "substantive," and thus not subject to the *Teague* limitations on retroactivity. The most recent and authoritative explanation of these principles is in *Welch*, 136 S. Ct. at 1257. In *Welch*, the Supreme Court held that *Johnson*'s holding that the "residual clause" was unconstitutionally vague was "substantive," and thus applied retroactively on collateral review to cases arising under ACCA. The Court explained:

> A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Procedural rules, by contrast, regulate only the manner of determining the defendant's culpability. Such rules alter the range of permissible methods for determining whether a defendant's conduct is punishable. They do not produce a class of persons convicted of conduct the law

7

does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise.

*Id*. at 1264-65 (punctuation and citations omitted).

Under this framework, the *Welch* Court held that *Johnson* was "substantive." By striking down the residual clause, it altered the range of conduct that ACCA punishes (i.e., some prior convictions could no longer serve as predicate offenses for a Career Offender designation). The Court also stated that because the residual clause is now invalid, "it can no longer mandate or authorize any sentence." *Id*. at 1265. Not even impeccable fact-finding procedures can legitimize a sentence based on the residual clause. *Id*.

The *Welch* Court confirmed that *Johnson* "is not a procedural decision." *Id*. *Johnson* had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under ACCA; did not allocate decision-making authority between judge and jury; and did not regulate the evidence that a court may consider. *Id*. In sum, "*Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied. *Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id*.

The Supreme Court further commented:

> The *Teague* balance thus does not depend on whether the underlying constitutional guarantee is characterized as procedural or substantive. It depends instead on whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes.

*Id*. at 1266. Justice Thomas, the lone dissenter, would have adhered to a test that, to be substantive, a rule must "place particular conduct or persons covered by the statute beyond the State's power to punish." *Id*. at 1271. Justice Thomas observed that the majority's decision

"erodes any meaningful limits on what a 'substantive' rule is." *Id*. In sum, the *Welch* majority refused to apply a rigid, bright-line test and held that *Johnson* was "substantive."

In another case this term, the Supreme Court emphasized the critical importance of calculating the correct Guideline range. In *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016), the Supreme Court held: "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." The Court recognized that the "Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious." *Id*. If a defendant shows that the district court used an incorrect range, prejudice to his substantial rights will be presumed due to "the real and pervasive effect the Guidelines have on sentencing." *Id*. at 1346.

Several decisions of the United States Court of Appeals for the Third Circuit lend further support to the conclusion that the *Johnson* rule is "substantive" when applied to the Guidelines. In *United States v. Knight*, 266 F.3d 203, 207 (3d Cir. 2001), the Court held that the district court's erroneous classification of Knight as a Career Offender based on an improper predicate offense affected his "substantial rights." The Court of Appeals noted that under the Sentencing Reform Act, it is required to determine whether a sentence "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(e)(2). In such a case, remand for resentencing is mandated by the Act: "If the court of appeals determines that the sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C. § 3742(f)(1); *Knight*, 266 F.3d at 205-06. The Court noted:

> our holding today is in keeping with our prior cases that have recognized the potentially prejudicial nature of Guideline calculation errors. *See United States v. Pollen*, 978 F.2d 78, 90 (3d Cir. 1992) ("The district court's improper calculation ..., resulting in a significantly higher Guideline sentencing range, certainly is an error that seriously affected [defendant]'s substantial rights and so amounts to plain error."); *United States v. Felton*, 55 F.3d 861, 869 n. 3 (3d Cir. 1995) ( "This circuit and others have found that the miscalculation of a defendant's offense level 'certainly is error that seriously affect[s] the defendant's rights, and so amounts to plain error.' ") (*quoting Pollen*, 978 F.2d at 90).

*Id*. at 207-08.

In *United States v. Doe*, 810 F.3d at 132, the United States Court of Appeals for the Third Circuit held that a challenge to the Career Offender enhancement based on the Supreme Court's decision in *Begay* was cognizable in a second or subsequent § 2255 motion, at least under the pre-*Booker* mandatory guidelines. *Id*. at 154-55. Of particular impact, the *Doe* Court distinguished a "*substantive* error, like more time in prison" from a "*procedural* error, like failure by a court to advise someone of appellate rights." *Id*. at 159 (emphasis in original). The Court explained that classification as a Career Offender results in very different treatment from other offenders, and refused to "read the Supreme Court's [retroactivity] cases as having drawn a bright line between" cognizable substantive claims and non-cognizable procedural claims. *Id*.

Application to this Case

*Welch* does not govern this case, because a collateral challenge to the Guidelines is different than a collateral challenge to ACCA. Nor is *Doe* dispositive, because its holding was limited to the pre-*Booker* mandatory Guidelines. This Court was well aware, at the time it

10

sentenced Boone, that the Guidelines were advisory.[9] Indeed, the Court varied downward from the advisory range when imposing Boone's actual sentence. Unlike the situation in *Welch*, Boone received a sentence well below the applicable statutory maximum. Thus, there is undeniable force to the government's contention that Boone received a lawful sentence and that, in theory, he could receive exactly the same prison term after resentencing.

Boone's position is also compelling. It is now clear that Boone should not have been classified as a Career Offender based on his prior conviction for Fleeing and Eluding. Nevertheless, he is serving a sentence of 120 months imprisonment based on that classification. Boone objected to this classification, in the face of mandatory adverse precedent. It turns out that Boone was correct, and *Jones* is no longer good law. From his perspective, technical legal distinctions are irrelevant. It does not matter a bit to him that his Career Offender status arose under the Guidelines rather than the ACCA statute; that the Guidelines were "advisory" rather than "mandatory"; or that his direct appeal is final rather than pending. The blunt fact remains that he is serving a lengthy prison term based on an erroneous classification of him as a Career Offender. *See Doe*, 810 F.3d at 159 (explaining that "more time in prison" results from a "*substantive* error").

The Court is convinced that the retroactivity holding in the *Welch* case applies to Boone, such that he is entitled to challenge his sentence collaterally. The "range of conduct" that exposed Boone to Career Offender status has been altered by *Johnson*, because Boone can no longer be classified as a Career Offender under the "residual clause" of § 4B1.2 for Fleeing and Eluding. Boone's Career Offender status under the Guidelines had a substantive, if not an

---

[9] In *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013), the Supreme Court held that the Guidelines are subject to ex post facto challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range."

overwhelming, effect on the actual sentence he received because it **quintupled** the advisory range that the Court considered to sentence Boone (from 30-37 months to 151-188 months). Congress requires sentencing courts to consider the applicable guidelines range in imposing sentence. 18 U.S.C. § 3553(a)(4). Given the centrality of the Guidelines, it is highly unlikely that Boone would have received the same sentence if his initial advisory range had been 30-37 months.

The government's proposed distinction – that *Johnson* applies to cases on direct appeal, but is not subject to collateral attack – is not persuasive. Nor is it easily reconcilable with the Congressional mandate for sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Such an arbitrary dividing line would reward defendants who stalled and delayed (or fortuitously benefited from busy court dockets), while penalizing defendants who, for whatever reason, proceeded expeditiously through the criminal prosecution procedure.

The theoretical underpinning of the retroactivity doctrine is a concern for finality of sentences. When a "sentence in fact is not authorized by substantive law, then finality interests are at their weakest." *Welch*, 136 S. Ct. at 1266. The government's interest in finality of sentences does not outweigh Boone's liberty interest in avoiding the onerous consequences of an incorrect designation as a Career Offender. This error can, and should, be corrected.

In sum, the Court is persuaded that the new rule in *Johnson* is "substantive" under the facts and circumstances of this case, and thus, Boone is entitled to collaterally challenge his sentence. This aspect of his § 2255 motion will be **GRANTED**. The Court will conduct an

expeditious re-sentencing proceeding on June 9, 2016 at 1:30 p.m., based on an advisory Guideline range of 30-37 months imprisonment.

Ineffective Assistance of Counsel

Because Boone will be re-sentenced as a non-Career Offender, the Court need not address his alternative argument regarding alleged ineffective assistance of appellate counsel at length. It is not "ineffective" for counsel to fail to anticipate a dramatic change in the law, such as that represented by *Johnson*. *See Smith v. Murray*, 477 U.S. 527 (1986). Moreover, Boone's plea agreement contained an "appellate waiver" provision, such that prejudice cannot be presumed. *See United States v. Mabry*, 536 F.3d 231, 244 (3d Cir. 2008) ("ineffectiveness of counsel in not pursuing a waived appeal is less than clear."). In sum, this aspect of his § 2255 motion will be **DENIED**.

Conclusion

In accordance with the foregoing, Boone's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 1221) will be **GRANTED IN PART** as to his entitlement to resentencing and **DENIED IN PART** as to alleged ineffective assistance of counsel. Boone will be resentenced on June 9, 2016 at 1:30 p.m. based on an advisory Guideline range of 30-37 months. The government and Boone may file sentencing memoranda or other information for the Court's consideration at resentencing on or before June 6, 2016.

An appropriate Order follows.

McVerry, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:12-cr-162-12 |
| | ) | |
| BRANDON BOONE, | ) | |
| Defendant. | ) | |

### ORDER OF COURT

AND NOW this 31st day of May, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 1221) is **GRANTED IN PART** as to Boone's entitlement to resentencing and **DENIED IN PART** as to alleged ineffective assistance of counsel. Boone will be resentenced on June 9, 2016 at 1:30 p.m. based on an advisory Guideline range of 30-37 months. The government and Boone may file sentencing memoranda or other information for the Court's consideration at resentencing on or before June 6, 2016.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc: **Barbara K. Doolittle, AUSA**
**Tina Miller, Esquire**
(By CM/ECF)

**Brandon Boone**
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
(By US Mail)

14